Katherine COFFEY, etc., Respondents,

v.

Stephen Arthur HENSON, et al., Appellants.

No. 38727.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 19, 1978.

Motion for Rehearing and/or Transfer Denied Nov. 15, 1978.

Lawrence O. Willbrand, St. Louis, for (plaintiff) respondent Katherine Coffey.

Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, R. A. Wegmann, Hillsboro, for defendant Stephen Arthur Henson.

Godfrey, Vandover & Burns, Inc., James E. Godfrey and Denis C. Burns, St. Louis, for (defendant) appellant Michael Raymond Peters.

SMITH, Judge.

Defendant Peters appeals from a judgment against him for $15,000 in accordance with the verdict of a jury in an automobile accident case. Plaintiff was a passenger in Peters' car when it was struck by an automobile driven by defendant Henson. At the time of the collision, the Peters' vehicle was negotiating a 180 degree turn on a county road and was in a stopped position perpendicular to the road and encroaching upon the roadway. Henson, traveling at a speed of at least sixty miles per hour, crested a hill some one hundred and fifty feet from where the Peters' vehicle was stopped. Henson applied his brakes but was unable to stop and struck the Peters' vehicle. The jury found in favor of Henson.

On appeal, Peters raises only the action of the trial court in sustaining an objection by Henson to the final argument of Peters. Plaintiff's theory of liability as to Henson was excessive speed and failure to swerve. The speed limit at the time of the accident was sixty miles per hour if the jury believed it was dusk, and sixty-five miles per hour if they believed it was daylight. There was evidence to support either lighting situation. Henson testified he was driving at sixty miles per hour. The state patrolman who investigated the accident *estimated* Henson's speed at sixty five to seventy miles per hour based upon skid marks, point of impact, and distance covered by Henson after impact.

During plaintiff's opening argument to the jury, she referred twice to the *estimate* made by the patrolman. During Peters' final argument the following occurred:

"I submit that Mr. Peters didn't cause the accident, and rather, the accident was caused by the speed of the other car as testified to by this trooper who said that that car was going 65–70 m.p.h.

MR. WEGMANN: (Henson's counsel) If the court please, that is not what the trooper said, as I recall it. That was his estimate, to which I objected, and I believe its outside the scope of the evidence.

THE COURT: Sustained."

Peters' counsel made no further effort to correct the statement. Peters now contends the court's action denied him the right to argue that Henson's conduct was the sole cause of the accident. Defendant Peters was, of course, entitled to argue sole cause. *Hoehn v. Hampton*, 483 S.W.2d 403 (Mo.App.1972). He was not, however, entitled to misstate the evidence in doing so. The statement made was inaccurate in the particular raised by Henson in his objection. The trooper had not stated that Henson was driving sixty-five to seventy miles per hour; the trooper simply estimated that to be the speed. Plaintiff had properly argued the testimony given by the trooper; Peters did not do so. The court committed no error in sustaining the objection.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.